Timothy D. Cohelan, Esq. (SBN 60827)
Isam C. Khoury, Esq. (SBN 58759)
Michael D. Singer, Esq. (SBN 115301)
Kimberly D. Neilson, Esq. (SBN 216571)
**COHELAN KHOURY & SINGER**
605 C Street, Suite 200
San Diego, California 92101
Telephone: (619) 595-3001
Facsimile: (619) 595-3000

Sahag Majarian, II, Esq., SBN 146621
**LAW OFFICES OF SAHAG MAJARIAN II**
18250 Ventura Blvd.
Tarzana, CA 91356
Phone: (818) 609-0807
Fax:    (818) 609-0892

Attorneys for Plaintiff Yahaira Camacho,
individually and on behalf of others similarly situated

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAHAIRA CAMACHO, individually and on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ESA MANAGEMENT, LLC, a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: **'14CV1089 CAB BGS**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT [15 U.S.C. §1681b(b)(2)(A)]**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff YAHAIRA CAMACHO ("Plaintiff"), individually and on behalf of herself and others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class action against Defendant ESA MANAGEMENT, LLC and DOES 1 through 100 ("Defendants" or "ESA MANAGEMENT") on behalf of a nationwide class of all individuals who applied for employment at an Extended Stay America hotel and whose

- 1 -
CLASS ACTION COMPLAINT

consumer report was obtained without appropriate disclosure that the consumer report may be obtained and without obtaining a valid, signed authorization form prior to obtaining such a report.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this class action pursuant to 28 U.S.C. §1331(a) and the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* (FCRA) because this case involves the FCRA. An action to enforce any liability created under the FCRA may be brought in any appropriate United States district court not later than the earlier of either two years after the date of discovery by the plaintiff of the violation or five years after the date on which the violation that is the basis for the action. 15 U.S.C. §1681p.

3.      Defendant ESA MANAGEMENT is a Delaware corporation with its headquarters in Charlotte, North Carolina. Defendant operates Extended Stay America hotels throughout the United States, and is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated.

**PARTIES**

4.      Plaintiff YAHAIRA CAMACHO is a resident of the State of California, the city of Pomona. Plaintiff YAHAIRA CAMACHO applied for employment with Defendant on approximately July 23, 2013 for the Chino, California Extended Stay America hotel. At that time, she was not provided with a written disclosure stating that a consumer report may be obtained for employment purposes, and ESA MANAGEMENT did not obtain an authorization from Ms. Camacho in writing for it to obtain the report. On approximately July 24, 2013, ESA MANAGEMENT obtained a copy of Plaintiff's consumer report, and the order was completed on July 29, 2013.

5.      Defendant ESA MANAGEMENT is a Delaware corporation and operates Extended Stay America hotels within California and throughout the United States. ESA MANAGEMENT's headquarters is in Charlotte, North Carolina, and it operates an estimated 684 hotels across the United States. At each of its hotels, ESA MANAGEMENT obtains consumer reports for employment purposes without a valid disclosure and a valid, signed authorization as part of the application process.

6. Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 100, but is informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint when their true names and capabilities are ascertained.

7. Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other members of the class, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant is legally attributable to the other Defendants.

## GENERAL ALLEGATIONS

8. ESA MANAGEMENT is a "person" as defined by the FCRA. 15 U.S.C. §1681 a(b). Plaintiff is a "consumer" as defined by the FCRA. 15 U.S.C. §1681 a(c). The background report or consumer report that Defendant obtains regarding applicants or current employees are "consumer reports" as defined by the FCRA. 15 U.S.C. §1681 a(d).

9. During the Class Period, Plaintiff and each member of the Plaintiff Class sought employment with an Extended Stay America hotel in the United States. As part of the employment process, Defendant obtained a consumer report for Plaintiff and putative class members. Specifically, Defendant obtained from third party consumer reporting agency, ADP a background report that included results of a criminal records search and a sex offender registry search.

10. Plaintiff and each Plaintiff Class member were individuals covered by the FCRA and as such, ESA MANAGEMENT was required to provide a disclosure in writing that a consumer report may be obtained for employment purposes and obtain a valid, written authorization prior to obtaining a consumer report. 15 U.S.C. §1681b(b)(2)(A)(i) and (ii).

11. The term "consumer report" includes not only credit worthiness, standing, and capacity; it also includes character, general reputation, personal characteristics, or mode of living to be to analyze eligibility for employment purposes. 15 U.S.C. §1681a(d). Thus a background

check qualifies as a consumer report.

12. The report must be obtained from a "consumer reporting agency," which is defined as any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. §1681a(f). Defendant obtained the report from third party consumer reporting agency, ADP.

13. The following disclosure or authorization is included on the application for At-Will Employment, along with a variety of other information, "I authorize the investigation of all statements contained in this application and release from all liability any persons or employers supplying such information, and I also release Extended Stay Hotels from any liability that might result from making the investigation." This does not comply with the FCRA: (1) it does not disclose that a consumer report will be obtained; (2) it does not seek written authorization from prospective applicants to obtain the consumer report; (3) it is included on the same page as the application along with numerous other statements, not in a document that consists only of the disclosure and authorization as required by the FCRA; and (4) the statement purports to release Defendant from liability.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23. The members of the Class are defined as follows:

> All individuals who sought employment with an Extended Stay America Hotel in the United States and for whom a consumer report was obtained as part of the employment application process at any time five years prior to the filing of this Complaint.

15. Plaintiff reserves the right under the other applicable Federal Rules of Civil Procedure to amend or modify the class definition(s) with respect to issues or in any other ways. Plaintiff is the Named Representative and is a member of the Plaintiff Class. Plaintiff seeks class-wide recovery based on the allegations set forth in this complaint.

16. This action has been brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendants are required to keep. This action has been brought and may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendants are required to keep.

17. <u>Numerosity</u>. The members of the Class are so numerous that individual joinder of all of them as Plaintiff is impracticable. While the exact number of the Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are thousands of Class members.

18. <u>Commonality</u>. Common questions of law and fact exist as to all Class members and predominate over any questions that affect only individual members of the Class. These common questions include, but are not limited to:

    a. Did Defendant violate the FCRA by failing to provide a disclosure to each applicant in writing that a consumer report may be obtained for employment purposes;

    b. Did Defendant violate the FCRA by failing to obtain a written authorization for the report to each applicant in writing that a consumer report may be obtained for employment purposes;

    c. To the extent that the Court finds that the pre-printed language included on the application for At-Will Employment, "I authorize the investigation of all statements contained in this application and release from all liability any persons or employers supplying such information, and I also release Extended Stay Hotels from any liability that might result from making the investigation," complies with the disclosure and/or written authorization requirements of FCRA, did Defendant violate the FCRA by including this language on the same page as the application along with numerous other

statements and not in a document that consists only of the disclosure and authorization as required by the FCRA;

  d. To the extent that the Court finds that the pre-printed language included on the application for At-Will Employment, "I authorize the investigation of all statements contained in this application and release from all liability any persons or employers supplying such information, and I also release Extended Stay Hotels from any liability that might result from making the investigation," complies with the disclosure and/or written authorization requirements of FCRA, did Defendant violate the FCRA by including language releasing Defendant from liability;

  e. Whether Defendant willfully violated the FCRA, requiring statutory damages to Plaintiff and the Class pursuant to 15 U.S.C. §1681n(a);

  f. Whether Plaintiff and the Class are entitled to statutory damages pursuant to 15 U.S.C. §1681n(a), and if so, the amount and calculation of statutory damages;

  g. Whether Plaintiff and the Class are entitled to punitive damages pursuant to 15 U.S.C. §1681n(a)(2), and if so, the amount and calculation of punitive damages;

19. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and other members of the Class were subject to the same ESA MANAGEMENT policy and practice of failing to provide a proper disclosure to obtain a consumer report for employment purposes, and failing to obtain a valid authorization prior to obtaining a consumer report. Plaintiff and other members of the Class were subject to the same ESA MANAGEMENT policy and practice of including this language in the employment application, "I authorize the investigation of all statements contained in this application and release from all liability any persons or employers supplying such information, and I also release Extended Stay Hotels from any liability that might result from making the investigation."

20. <u>Adequacy</u>. Plaintiff will adequately and fairly protect the interests of the members

of the Class. Plaintiff has no interest adverse to the interests of absent Class members. Plaintiff is represented by attorneys who have substantial class action experience in consumer class action law.

21. <u>Superiority</u>. A class action is superior to other available means for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the Court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The damages suffered by each Class member are relatively small in the context of a class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to seek and obtain individual relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. §1681b

### (Plaintiff and Plaintiff Class against each Defendant)

22. Plaintiff incorporates the preceding paragraphs.

23. At all relevant times, Plaintiff and all other members of the Class were applicants for employment at Extended Stay America hotels throughout the United States. During the Class Period, Plaintiff and each member of the Plaintiff Class sought employment with an Extended Stay America hotel in the United States. As part of the employment process, Defendant obtained a consumer report for Plaintiff and the putative class members. Specifically, Defendant obtained from third party consumer reporting agency, ADP a background report, which included results of a criminal records search and a sex offender registry search for Plaintiff and the putative class members.

24. ESA MANAGEMENT failed to provide to Plaintiff and putative class members a disclosure to in writing that a consumer report may be obtained for employment purposes and

failed to obtain from Plaintiff and putative class members a valid, written authorization prior to obtaining a consumer report.

25. Pursuant to the FCRA 15 U.S.C. §1681n(a)(1)(A), Plaintiff and the Class members are entitled to recover statutory damages of "not less than $100 and not more than $1,000."

**PRAYER**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

A. For certification of this action as a class action;

B. For appointment of Plaintiff as the representative of the Class;

C. For appointment of counsel for Plaintiff as Class Counsel;

D. A determination and judgment that Defendant willfully violated FCRA, 15 U.S.C. §1681b(b)(2)(A);

E. An award of statutory damages to Plaintiff and the Class members in an amount equal to $1,000, but not less than $100, pursuant to 15 U.S.C. § 1681n(a)(1);

F. An award of punitive damages to Plaintiff and the Class members pursuant to 15 U.S.C. §1681n(a)(2);

G. An award providing for payment of costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3); and

H. For such other relief the Court deems just and proper.

Dated: April 30, 2014

COHELAN KHOURY & SINGER
LAW OFFICES OF SAHAG MAJARIAN II

By: _____
Michael D. Singer
Kimberly D. Neilson

Attorneys for Plaintiff YAHAIRA CAMACHO, individually and on behalf of others similarly situated

## **DEMAND FOR JURY TRIAL**

Plaintiff demands jury trial for all claims so triable.

Dated: April __, 2014

COHELAN KHOURY & SINGER
LAW OFFICES OF SAHAG MAJARIAN II

By: /s/
Michael D. Singer
Kimberly D. Neilson

Attorneys for Plaintiff YAHAIRA CAMACHO, individually and on behalf of others similarly situated

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
YAHAIRA CAMACHO

**DEFENDANTS**
ESA MANAGEMENT, LLC

(b) County of Residence of First Listed Plaintiff    Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Kimberly D. Neilson, Esq. (SBN 216571)
COHELAN KHOURY & SINGER
605 C Street, Suite 200, San Diego, CA 92101; (619) 595-3001

Attorneys *(If Known)*

**'14CV1089 CAB BGS**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☒ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. section 1681, et seq.
Brief description of cause:
Violation of the Fair Credit Reporting Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
04/30/2014

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____