Timothy D. Cohelan, Esq. (SBN 60827)
Isam C. Khoury, Esq. (SBN 58759)
Michael D. Singer, Esq. (SBN 115301)
Kimberly D. Neilson, Esq. (SBN 216571)
**COHELAN KHOURY & SINGER**
605 C Street, Suite 200
San Diego, California 92101
Telephone: (619) 595-3001
Facsimile: (619) 595-3000

Sahag Majarian, II, Esq., SBN 146621
**LAW OFFICES OF SAHAG MAJARIAN II**
18250 Ventura Blvd.
Tarzana, CA 91356
Phone: (818) 609-0807
Fax:   (818) 609-0892

Attorneys for Plaintiff Yahaira Camacho,
individually and on behalf of others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION**

| | |
|---|---|
| YAHAIRA CAMACHO, individually and on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ESA MANAGEMENT, LLC, a Delaware Corporation, and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO. EDCV14-01097 PA (SSx) <br><br> **CLASS ACTION** <br><br> **STIPULATION AND JOINT MOTION FOR AN ORDER DISMISSING CLASS ACTION COMPLAINT** <br><br><br> Complaint filed:   May 1, 2014 <br> Trial date:         None set |

- 1 -
STIPULATION AND JOINT MOTION FOR AN ORDER    CASE NO. EDCV14-01097 PA (SSx)
DISMISSING ACTION

Plaintiff Yahaira Camacho ("Plaintiff") and Defendant ESA Management, LLC ("Defendant") (Plaintiff and Defendant are jointly referred to herein as the "Parties"), through their respective counsel of record, bring this Stipulation and Joint Motion and request the Court issued an Order of Dismissal of the entire action and Complaint.

During the course of the litigation of this case, Plaintiff claimed that as part of the employment application process, Defendant obtained a consumer report for prospective employees and failed to provide an appropriate disclosure in writing that a consumer report may be obtained for employment purposes and failed to obtain from Plaintiff and putative class members a valid, written authorization prior to obtaining a consumer report as required under the FCRA. Plaintiff alleged that she did not sign an authorization under FCRA, and the only document that Plaintiff could locate in her file that could conceivably be construed as a FRCA authorization did not comply with the requirements of FCRA.

ESA claimed that it had properly provided disclosures and obtained authorizations. ESA produced its policies related to making disclosures and obtaining authorization from applicants and provided exemplar copies of those disclosures. Defendant was not able to locate or determine whether such a disclosure had been provided to plaintiff and whether authorization was obtained by Plaintiff. Because Defendant produced its policy that it maintained appropriate disclosure and authorization forms, Plaintiff sought a sampling of records from Defendant to show that it in fact complied with its written policies.

The process of gathering the information was time-consuming, and Defendant was unable to produce such documents prior to the date upon which Plaintiff was required to file her Motion for Class Certification. Thus, Plaintiff filed her Motion on September 30, 2014. In its opposition, Defendant provided the sampling of signed disclosure and authorization forms, but was still unable to locate a signed authorization for Plaintiff.

After reviewing the policies related to the FCRA disclosure and authorization form in conjunction with a sampling of more than 60 other ESA employees' (Dkt. No. 28, p. 10-12 of 22) authorization forms from California and throughout the United States, Plaintiff agreed to dismiss the class-wide allegations without prejudice because it appeared that the company maintained a policy to provide appropriate disclosures and obtain authorization under FCRA and did in fact follow that policy.

Because Defendant was not able to show that it complied with FCRA as to the Plaintiff, the Parties agreed to an individual settlement for Plaintiff of $1,000 in exchange for a general release by Ms. Camacho and costs incurred in the amount of $500. No class claims were compromised and the claims of putative class members are to be dismissed without prejudice.

The Parties seek dismissal as follows:

1. The individual claims of Plaintiff against Defendant shall be dismissed in their entirety with prejudice pursuant to Fed. R. Civ. P. 41(a)(1) and (2).

2. The class claims against Defendant herein shall be dismissed in their entirety without prejudice pursuant to Fed. R. Civ. P. 41(a)(1) and (2). A ruling has not been made by this Court regarding Plaintiff's pending Motion for Class Certification, a class was not certified, and no notice was sent to a prospective class.

3. Except as otherwise agreed upon, each party shall bear his/her/its own costs and attorneys' fees.

Dated: November 4, 2014      **COHELAN KHOURY & SINGER**
                             **LAW OFFICES OF SAHAG MAJARIAN II**

                             By: s/Kimberly D. Neilson
                                 Michael D. Singer, Esq.
                                 Kimberly D. Neilson, Esq.
                             Attorneys for Plaintiff YAHAIRA CAMACHO and the putative class

1
2  Dated: November 4, 2014      **LITTLER MENDELSON**
3
                               By: s/ Kai-Ching Cha
4                                  Lindbergh Porter, Esq.
                                   Kai-Ching Cha, Esq.
5                              Attorneys for Defendant ESA
                               MANAGEMENT, LLC
6

- 4 -
STIPULATION AND JOINT MOTION FOR AN ORDER   CASE NO. EDCV14-01097 PA (SSx)
DISMISSING ACTION